UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ERIC SANFORD,<br><br>　　　　　　Defendant. | CASE NO. CR19-0172JLR<br><br>ORDER GRANTING MOTION TO PROCEED WITH GUILTY PLEA HEARING BY VIDEO TELECONFERENCING |

## I. INTRODUCTION

Before the court is Defendant Eric Sanford's motion to proceed with his guilty plea hearing by teleconferencing. (Mot. (Dkt. # 38).) Plaintiff United States of America ("the Government") filed a response which does not oppose Mr. Sanford's motion but asks the court for certain modifications to Mr. Sanford's proposed order. (*See generally* Resp.) The court has reviewed Mr. Sanford's motion and the Government's response, the record in this matter, and the applicable law. Being fully advised and finding oral

//

ORDER - 1

argument unnecessary, the court GRANTS Mr. Sanford's motion as more fully described herein.

## II.   BACKGROUND

The Government charged Mr. Sanford with one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. §922(g)(1), arising out of an incident that occurred on August 11, 2019.  (Compl. (Dkt. # 1).)  The parties initially intended to proceed with a stipulated facts bench trial on March 24, 2020.  (*See* 3/12/20 Dkt. Entry (setting a bench trial for 3/24/20); *see also* Waiver of Jury Trial (Dkt. # 29).)

However, due to the emergency caused by the COVID-19 pandemic, on March 6, 2020, the United States District Court for the Western District of Washington issued General Order No. 01-20.  *See* General Order ("GO") 01-20 (Mar. 6, 2020).  That order continued nearly all hearings in both civil and criminal matters through at least March 31,2020.  *See id.*  On March 17, 2020, citing guidance issued by public health officials, and documented risks to public gatherings and travel, the United States District Court for the Western District of Washington issued General Order No. 02-20.  *See* GO 02-20 (Mar. 17, 2020).  The order closed the courthouse to the public entirely and continued all criminal matters scheduled prior to June 1, 2020, pending further order of the court.  General Order No. 02-20 further states that:

> the time period of the continuances implemented by this General Order will be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice served by ordering the continuances outweigh the best interests of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A).

//

*Id.* at 2.[1]  Accordingly, on March 24, 2020, the court entered an order continuing Mr. Sanford's bench trial and scheduling a status conference for June 1, 2020.  (3/24/20 Order (Dkt. # 37).)

On April 13, 2020, the United States District Court for the Western District of Washington extended General Order 02-20 and continued all criminal matters scheduled prior to July 1, 2020.  *See* GO 07-20 at 2.  Thus, Mr. Sanford's status conference cannot occur in person until at least July 1, 2020.

In the meantime, the parties reached an agreement to resolve this case.  The parties' agreement requires Mr. Sanford to plead guilty as charged and confirms that both parties will recommend a 27-month sentence.  (Mot. at 2; Resp. at 1.)  Mr. Sanford now asks the court to set a plea hearing—which the parties can attend remotely—so that he can enter the guilty plea contemplated by the parties' agreement.  (*See generally* Mot.)

### III.   ANALYSIS

The Federal Rules of Criminal Procedure make no provision for a defendant to enter a guilty plea except while in open court.  *See generally* Fed. R. Crim. P.  Due to the COVID-19 pandemic and the public health emergency, Congress enacted the Coronavirus Aid, Relief, and Economic Safety Act ("CARES Act"), which provides that certain criminal proceedings may proceed by video teleconferencing during the COVID-19 national emergency, including a guilty plea in a felony case.  *See* CARES Act

---

[1] The court noted in conclusion that General Order 02-20 would be vacated or amended no later than April 15, 2020.  Go 02-20 at 2.  General Order 02-20 has been extended and broadened through a series of follow-on General Orders.  *See* GO 03-20 (Mar. 25, 2020); GO 04-20 (Mar. 30, 2020); GO 07-20 (Apr. 13, 2020).

§ 15002. To do so, the Judicial Conference of the United States first must find that the COVID-19 emergency will materially affect the functioning of the federal courts generally or a particular court. *Id.* § 15002(b)(2)(A). It has done so. *See* Administrative Office of the United States Courts, Judiciary News, *Judiciary Authorizes Video/Audio Access During COVID-19 Pandemic* (Mar. 31, 2020), https://www.uscourts.gov/news/2020/03/31/judiciary-authorizes-videoaudio-access-during-covid-19-pandemic.

On March 30, 2020, Chief Judge Ricardo S. Martinez fulfilled the second requirement of the CARES Act for permitting guilty plea hearings via video teleconferencing when he entered a finding "that felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety." *See* GO 04-20 at 2; *see also* CARES Act § 15002(b)(2)(A).

Third, the CARES Act requires that the district court in the particular case must find "for specific reasons that the plea . . . in that case cannot be further delayed without serious harm to the interests of justice." *See* CARES Act § 15002(b)(2)(A); *see also* GO 04-20. Accordingly, the court finds that, because Mr. Sanford and the Government have reached an agreement concerning his plea, the plea hearing in this case "cannot be further delayed without serious harm to the interests of justice." *See* CARES Act § 15002(b)(2)(A). Absent intervention, Mr. Sanford would not be able to participate in a guilty plea hearing until at least July 1, 2020, *see* GO 07-20 at 2, despite having

previously had his March 24, 2020, bench trial stricken due to the COVID-19 emergency (*see* 3/24/20 Order).  In so finding, the court places special emphasis on the fact that Mr. Sanford's original guilty plea hearing would have likely occurred by March 24, 2020—the date on which the court had scheduled his bench trial—but for General Order 02-20.  Accordingly, the court GRANTS Mr. Sanford's motion to proceed with his guilty plea hearing via video teleconference.  The Government requests that the hearing be conducted via a video teleconference instead of merely via a teleconference.  The court agrees and so ORDERS.  The court further ORDERS that Mr. Sanford's guilty plea hearing be conducted before a Magistrate Judge and that the Clerk set the video teleconference hearing as soon as is practicable.

## IV.   CONCLUSION

Based on the foregoing analysis, and within the specific parameters set forth above, the court GRANTS Mr. Sanford's motion to proceed with a guilty plea hearing via video teleconference before a Magistrate Judge (Dkt. # 38).

Dated this 24th day of April, 2020.

JAMES L. ROBART
United States District Judge