|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | UNITED STATES DISTRICT COURT | |
| 8 | WESTERN DISTRICT OF WASHINGTON AT SEATTLE | |
| 9 | | |
| 10 | UNITED STATES OF AMERICA, | CASE NO. CR19-0172JLR |
| 11 | Plaintiff, | ORDER |
| 12 | v. | |
| 13 | ERIC SANFORD, | |
| 14 | Defendant. | |

Before the court is Defendant Eric Sanford's motion for early termination of supervised release. (Mot. (Dkt. # 90).) Plaintiff the United States of America (the "Government") and United States Probation and Pretrial Services ("Probation") oppose the motion. (Gov't Resp. (Dkt. # 94); Probation Resp. (Dkt. # 93 (sealed)).) The court has considered the parties' submissions, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES Mr. Sanford's motion for early termination of supervised release.

ORDER - 1

1    On May 13, 2020, Mr. Sanford pleaded guilty to one count of felon in possession
2 of a firearm in violation of 18 U.S.C. § 922(g).  (Plea Agreement (Dkt. # 53).)  On
3 August 17, 2020, the court sentenced Mr. Sanford to 27 months imprisonment followed
4 by three years of supervised release.  (Judgment (Dkt. # 64) at 2-3.)  Mr. Sanford's period
5 of supervised release began on July 19, 2021, and is set to expire on July 18, 2024.  (*See*
6 Mot. at 3.)

7    Mr. Sanford failed to appear for testing four times between October 2021 and
8 November 2022.  (*Id.* at 3.)  He was, however, in communication with Probation about
9 the missed tests, has tested negative each time he has appeared for testing, and his
10 failures to appear were not reported to the court as violations.  (*Id.* at 3-4, 5; *see* Gov't
11 Resp. at 2 (stating Mr. Sanford has not had any violations of the conditions of supervised
12 release).)  Mr. Sanford has otherwise generally performed well on supervised release.  He
13 has maintained employment in the construction industry, has volunteered for
14 organizations that offer repair and maintenance at no cost to low income and elderly
15 homeowners, and has been in a committed relationship for four and a half years.  (Mot. at
16 4 (citing *id.*, Ex. A (Mr. Sanford's Employee of the Month commendation and
17 information about the organization for which Mr. Sanford volunteers)).)

18    Mr. Sanford argues that termination of supervised release is warranted because he
19 has made "remarkable progress" on supervision and has "demonstrated that he will be
20 able to maintain a lawful lifestyle after supervision has ended."  (*Id.* at 5.)  The
21 Government opposes the motion in light of Mr. Sanford's prior conviction for felon in
22 possession of a firearm and his poor compliance with the conditions of supervised release

ORDER - 2

at that time.  (Gov't Resp. at 2 (stating Mr. Sanford's supervised release was revoked three times during his previous period of supervised release).)  The Government is also concerned about Mr. Sanford's past association with a gang, although it notes that the Gang Unit of the Seattle Police Department has reported that it is unaware of any new gang-related activities by Mr. Sanford.  (*Id.*)  Probation also opposes early termination of Mr. Sanford's supervised release based on his criminal history and prior revocations of supervised release.  (Probation Resp. at 2.)  Nevertheless, both the Government and Probation commend Mr. Sanford for his performance on supervised release for his most recent conviction and the positive changes he has made in his life during that time.  (*Id.* at 1-2; Gov't Resp. at 1-3.)

After considering the factors set forth in 18 U.S.C. § 3553(a), a court may "terminate a term of supervision . . . at any time after the expiration of one year of supervised release" if such action is warranted by the defendant's conduct and in the interests of justice.  *See* 18 U.S.C. § 3583(e)(1).  The court is pleased to see Mr. Sanford's progress toward building a healthy, stable life, and joins the Government and Probation in commending Mr. Sanford for his success so far during his period of supervised release.  However, the court would like to see Mr. Sanford demonstrate that success over a longer period before it will consider early termination of supervised release.  Accordingly, having considered the 18 U.S.C. § 3553(a) factors, the court DENIES Mr. Sanford's motion without prejudice.  The court agrees with the Government's recommendation that revisiting Mr. Sanford's request after he has successfully completed two years of supervised release is appropriate.  Mr. Sanford may

ORDER - 3

move for early termination again on or after July 19, 2023, if he is able to demonstrate continued success in maintaining his employment and complying with the other conditions of his supervised release.

Dated this 13th day of March, 2023.

JAMES L. ROBART
United States District Judge

ORDER - 4